FILED

**ORIGINAL**

OCT 2 9 2013

U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

No. 13-362C
(Filed: October 29, 2013)

```
* * * * * * * * * * * * * * * * * * * *
                                          *
GLORIA TREVIÑO, individually              *
and as next friend for Robert             *
Rodriguez Treviño,                        *    RCFC 12(b)(1); Lack of Jurisdiction over
                                          *    Parties Other than United States, Veterans'
              Plaintiff,                  *    Benefits Claims, Civil Rights Claims, Torts,
v.                                        *    RICO Claims, Prisoners in State Prison,
                                          *    Injunctive Relief, Punitive Damages
THE UNITED STATES,                        *
                                          *
              Defendant.                  *
                                          *
* * * * * * * * * * * * * * * * * * * *
```

*Gloria Treviño*, Houston, TX, *pro se* plaintiff.

*Veronica N. Onyema*, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Stuart F. Delery*, Assistant Attorney General, and *Jeanne E. Davidson*, Director, Commercial Litigation Branch, for defendant.

## OPINION DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION

**FIRESTONE**, *Judge*

Pending before the court is the government's Motion to Dismiss Plaintiff's Complaint and Request for Injunctive Relief under Rules 12(b)(1) and 12(b)(6) of the Court of Federal Claims ("RCFC"). Ms. Gloria Treviño filed her complaint on May 29, 2013, both individually and as next friend for her brother, Robert Treviño, as a pro se plaintiff. Ms. Treviño's complaint alleges that her brother, who is serving a life sentence

in a Texas State Prison following a conviction for child sexual assault, is unlawfully

incarcerated and that the United States Department of Veterans' Affairs ("VA") has

conspired with various state and federal courts, court officials, and federal agencies to

deny him medical benefits and treatment.[1]   Further, she alleges that Mr. Treviño has

suffered harassment and retaliation as a result of the alleged collusion, and that she

herself suffers from post-traumatic stress disorder and retaliation in response to her

efforts to help her brother.  Plaintiff seeks $350,000,000 in damages, along with equitable

and injunctive relief.

## I.     FACTUAL BACKGROUND

Mr. Treviño was convicted on August 25, 1995 of one count of aggravated sexual

assault of a child, four counts of sexual assault on a child, and one count of indecency

with a child, for which he received a sentence of life imprisonment.  See Treviño v.

---

[1] Ms. Treviño identifies many institutions and individuals as defendants in her complaint, stating as follows:

> The State of Texas and Federal Courts have operated as a sovereign state with supreme political and imperialist authority and supreme powers without accountability and in complicity with the all-white United States Senate Committee on the Judiciary, United States Senate Committee on Veterans Affairs and United States Supreme Court, United States District Court for the Northern District of Texas, United States Court of Appeals for the Fifth Circuit, United States Chief District Judge Sidney A. Fitzwater, United States Circuit Judge Emilio M. Garza, United States Chief Circuit Judge Edith H. Jones, United States Department of Veteran Affairs/VAMC, United States Congressman John Culberson in complicity with/others [sic] and the State of Texas, The Texas Department of Criminal Justice and the Disabled American Veterans, a party with sovereign attributes acting in active concert and on behalf of the VA and the principal initial Ellis County Judicial Offenders, Houston, Texas Attorney John Author Dixon, Fort Worth, Texas Attorney Robert Ford, et al.

Compl. at 1-2.

Thaler, No. 3:10-CV-2413, 2011 WL 721963 (N.D. Tex. Jan. 29, 2011). This conviction was affirmed on March 19, 1997. Id. Mr. Treviño is currently incarcerated in Texas. Compl. 2.

According to Ms. Treviño, this conviction was unlawful and "was the result of political and racial hatred, prejudice, discrimination and retaliation in Ellis County against disabled Hispanics engaging in political activities . . . ." Id. As a result, Ms. Treviño alleges, Mr. Treviño has suffered a variety of injuries, including a denial of medication and treatment, physical impairment, and a diagnosis of schizophrenia. Id. at 3.

On April 3, 2000, plaintiff filed an application for a writ of habeas corpus in state court. Treviño, 2011 WL 721693, at *1. This application was denied on August 16, 2000 by the Court of Criminal Appeals based on the findings of the trial court. Id. On November 29, 2010, plaintiff filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Texas, which the court dismissed as untimely. Id. at *3. On May 29, 2013, plaintiff filed the instant case.

In the complaint before this court, plaintiff, on behalf of her brother, seeks injunctive relief and damages based on Mr. Treviño's status as a veteran. Compl. 11-12. Ms. Treviño seeks an injunction to have Mr. Treviño released from state prison and remanded to a medical facility paid for by the VA. Id. at 12. She also seeks $100,000,000 on his behalf for damages that he has sustained as a "political prisoner . . . for about 20 horrific and oppressive years." Id. She further seeks a ruling that her brother is entitled to a 100% disability rating determination from the VA together with

3

payments commensurate with that rating from August 1995 to the present date.[2] Id. at

13.  In addition to relief for her brother, she seeks on her own behalf payments from the

VA for medical expenses that she has incurred, prescription medications from a

pharmacy other than the VA pharmacy, $50,000,000 in additional funds for aid and

assistance, and $200,000,000 in punitive damages from the Federal and State institutions

and individuals named in the complaint.  Id.  She asserts that this Court has jurisdiction to

hear her claims under 28 U.S.C. §§ 1491 and 1983, 38 U.S.C. §§ 5901 and 7101, the

Federal Tort Claims Act, 38 U.S.C. § 1346, the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. §§ 1961-62, general "Civil and Human Rights

Violations," general "Mafia-related Activities," and "blatant violations of the Universal

Declaration of Human/Civil Rights."  Id. at 2.

## II.    STANDARD OF REVIEW

The United States Court of Federal Claims is granted jurisdiction by the Tucker

Act over "any claim against the United States founded either upon the Constitution, or

any Act of Congress or any regulation of an executive department, or upon any express or

implied contract with the United States, or for liquidated or unliquidated damages in

cases not sounding in tort." 28 U.S.C. § 1491.  Where the court has not been granted

jurisdiction to hear a claim, the case must be dismissed.  See Arbaugh v. Y & H Corp.,

---

[2] According to the complaint, the VA has erroneously reduced Mr. Treviño's disability rating on
two occasions.  The first reduction was from 100% to 80%, based on what the VA considered to
be an improvement in Mr. Treviño's condition while in prison, which the plaintiff disputes.  The
second reduction was to 10%; although the complaint is not clear, the plaintiff appears to claim
that this reduction was the result of a VA policy for incarcerated veterans.  The plaintiff
maintains Mr. Treviño and Ms. Treviño are both 100% disabled and should be afforded such
status by the VA.

546 U.S. 500, 514 (2006). While the Tucker Act provides jurisdiction to the court, it does not create a particular cause of action; in order to do so, the plaintiff must identify a money-mandating statute from which the claim arises. Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in part). A statute is money-mandating if it can "fairly be interpreted" as mandating the compensation sought by the plaintiff. Pollack v. United States, 498 F. App'x 19, 21 (Fed. Cir. 2012) (quoting United States v. Mitchell, 463 U.S. 206, 216-17 (1983)).

The United States has moved to dismiss this case under RCFC 12(b)(1) on the grounds that this court lacks jurisdiction to hear any of the claims alleged in the complaint. Whether the court possesses jurisdiction to decide the merits of a case is a threshold matter, see PODS, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1364 (Fed. Cir. 2007) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998)), as a case cannot proceed if a court lacks jurisdiction to hear it, see Arbaugh, 546 U.S. at 514 ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." (citation omitted)). See generally John R. Sand & Gravel v. United States, 552 U.S. 130 (2008), aff'g 457 F.3d 1345 (Fed. Cir. 2006). The plaintiff bears the burden of establishing subject-matter jurisdiction, Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing McNutt v. Gen. Motors, 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). In ruling on such a motion, the court will "consider the facts alleged in the complaint to be true and correct." Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995); Reynolds, 846 F.2d

at 747.  In addition, the court may consider materials outside of the pleadings to determine whether it has subject-matter jurisdiction over a claim.  Aviation Software, Inc. v. United States, 101 Fed. Cl. 656, 661 (2011) (citing Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991)).

The United States has also moved, in the alternative, to dismiss this case under RCFC 12(b)(6) on the grounds that plaintiff has failed to state a claim for which relief may be granted.  Under this standard of review, the complaint must contain facts sufficient to "'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); See Kam-Almaz v. United States, 682 F.3d 1364, 1367 (Fed. Cir. 2012).  The plaintiff's factual allegations must "raise a right to relief above the speculative level" and cross "the line from conceivable to plausible."  Twombly, 550 U.S. at 555, 570.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 557).  In considering such a motion, "the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff."  Cambridge v. United States, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing Papasan v. Allain, 478 U.S. 265, 283 (1986); Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).  In addition, when considering the dismissal of a pro se complaint, the court holds "the pleading 'to less stringent standards than formal pleadings drafted by lawyers.'"  Johnson v. United States, 411 F. App'x 303, 305 (Fed.

Cir. 2010) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  Despite this permissive standard, a pro se plaintiff must still satisfy the court's jurisdictional requirements. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004) ("This latitude, however, does not relieve a pro se plaintiff from meeting jurisdictional requirements."), aff'd 98 F. App'x 860 (Fed. Cir. 2004).

III.  **DISCUSSION: All of plaintiff's claims must be dismissed under RCFC 12(b)(1)**

A.  **Claims against state and local entities, other federal courts and their employees, and the United States Senate must be dismissed for lack of jurisdiction**

As noted above,[3] the complaint identifies a number of parties other than the United States as defendants.  This court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States.  See United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]ts jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court.") (citations omitted); Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997), reh'g denied (1997); Smith v. United States, 99 Fed. Cl. 581, 583-84 (2011) (citing Moore v. Pub. Defender's Office, 76 Fed. Cl. 617, 620 (2007)).

---

[3] See supra note 1.

This court also lacks jurisdiction over all other federal entities; only the United States and its agencies are proper defendants. Accordingly, this court lacks jurisdiction over Senate subcommittees. See United States v. Dean, 55 F.3d 640, 658-59 (D.C. Cir. 1995) (holding that only a part of the executive branch may be a department or agency). Additionally, this court does not have jurisdiction over other federal courts or their employees. Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). As a result, all of plaintiff's claims against state and local government entities, the U.S. Senate, and federal courts and their employees must be dismissed.

**B. This court lacks jurisdiction over plaintiff's claims for veterans' benefits for either her brother or herself**

At the core of plaintiff's complaint are several claims related to actions either taken or denied by the VA and claims for additional veterans' benefits for her brother and herself. In support of these claims, plaintiff cites two statutes relating to veterans' benefits: 38 U.S.C. §§ 5901 and 7101. This court lacks jurisdiction over all of these claims. Jackson v. United States, 242 F. App'x 698, 700-01 (Fed. Cir. 2007).

More specifically, Congress has established the United States Court of Appeals for Veterans Claims ("CAVC") as the court of exclusive jurisdiction to hear claims related to the grant or denial of veterans' benefits. 38 U.S.C. § 7251. Because the CAVC has exclusive jurisdiction over the review of such determinations, 38 U.S.C. § 7252(a), this court lacks jurisdiction over such matters, see Addington, 94 Fed. Cl. 779, 782 (2010).

Additionally, as noted above, this court lacks jurisdiction over plaintiff's complaints relating to actions of individual VA employees. While the Tucker Act grants

jurisdiction over claims against the United States, it does not grant such jurisdiction over federal officials acting in their individual capacity. Brown, 105 F.3d at 624 (citing 28 U.S.C. § 1491(a)).

### C. The court lacks jurisdiction over plaintiff's remaining claims

To begin, this court lacks jurisdiction over civil rights claims brought under 42 U.S.C. § 1983.[4] The complaint alleges that at least some of plaintiff's claims arise under this statute, including "Civil and Human Rights Violations" and "blatant violations of Universal Declaration of Human/Civil rights." Such claims by statute must be brought in United States district court. E.g. Jefferson v. United States, 104 Fed. Cl. 81, 89 (2012) ("the court does not have subject matter jurisdiction over actions arising under sections of the Civil Rights Acts, including 42 U.S.C. § 1983").

This court also lacks jurisdiction over plaintiff's claims sounding in tort. The complaint alleges that at least some of her claims on behalf of her brother arise under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. This court lacks jurisdiction over claims brought under the FTCA; instead, such claims also must be brought in United States district court. E.g. Sellers v. United States, 110 Fed. Cl. 62 (2013). Indeed, the Tucker Act by its very terms excludes this court from hearing claims "sounding in tort." 28 U.S.C. § 1491(a).

Next, this court must dismiss plaintiff's claims based on the RICO Act, 18 U.S.C. §§ 1961-62. RICO is a criminal statute and this court lacks jurisdiction to entertain

---

[4] The complaint refers to 28 U.S.C. § 1983, but the court construes it to refer to Title 42 as implied by plaintiff's reference to civil rights.

claims brought under a criminal statute. Dumont v. United States, 85 Fed. Cl. 425, 430 (2009) (citing Joshua, 17 F.3d at 379 ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . .")).

Further, to the extent that plaintiff is seeking relief on the grounds that Mr. Treviño has been unlawfully imprisoned in the Texas state prison system, the claim must be dismissed. This court lacks jurisdiction over claims arising from improper treatment in a state prison. See Hairston v. United States, 99 Fed. Cl. 695, 697-99 (2011) (dismissing claims arising from treatment in state prison for lack of subject-matter jurisdiction).[5]

Finally, this court lacks jurisdiction over plaintiff's claims for injunctive relief and punitive damages. This court cannot generally provide equitable relief such as an injunction. United States v. Tohono O'Odham Nation, 131 S. Ct. 1723, 1729 (2011) ("Unlike the district courts, however, the [Court of Federal Claims] has no general power to provide equitable relief against the Government or its officers." (citations omitted)); Visconi v. United States, 455 F. App'x 986, 988 (Fed. Cir. 2012) ("The Tucker Act does not provide independent jurisdiction over claims for equitable relief." (citing Brown, 105 F.3d at 624)). Such relief may only be granted when it has been authorized by statute.

---

[5] This court does have jurisdiction to hear cases for unjust conviction under 28 U.S.C. § 1495, where a federal prisoner can show a certification or record of a court reversing or setting aside the conviction under the conditions of 28 U.S.C. § 2513. That is not the case here, as Mr. Treviño is currently incarcerated and is a state prisoner.

See <u>Kanemoto v. Reno</u>, 41 F.3d 641, 644-45 (Fed. Cir. 1994).[6] None of plaintiff's claims here arise under statutes authorizing injunctive relief. Likewise, this court cannot provide punitive damages, and thus plaintiff's claims for punitive damages must be dismissed for lack of jurisdiction. <u>Woods v. United States</u>, 122 F. App'x 989, 991 (Fed. Cir. 2004) ("And even if the trial court had jurisdiction over any of [plaintiff's] asserted claims, it would not have had the power to grant punitive damages, as [plaintiff] requested.")).

## IV.   CONCLUSION

For all of the above-stated reasons, this court does not have subject-matter jurisdiction over any of plaintiff's claims asserted on her own behalf or on behalf of her brother. Accordingly, the government's motion is **GRANTED** and the complaint must be **DISMISSED** in its entirety for lack of subject-matter jurisdiction. The clerk is directed to enter judgment accordingly. The parties shall bear their own costs.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge

---

[6] For example, statutory authorization has been granted for disputes under the Contract Disputes Act, 28 U.S.C. § 1491(a)(2), for bid protests, <u>id.</u> §§ 1491(b)(1)-(2), for some tax cases, <u>id.</u> § 1507, and in cases where such relief "is tied and subordinate to a money judgment," <u>James v. Caldera</u>, 159 F.3d 573, 580 (Fed. Cir. 1998).